# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50367
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Omar Jose Calzada,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-610

_____

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Omar Jose Calzada, former federal prisoner # 99850-280, appeals the district court's denial of his motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure to vacate the district court's denial of his writ of *coram nobis* petition.  Under Rule 60(b)(4), a federal court may set aside civil judgments in two circumstances: (1) if the district court lacked personal or

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

subject matter jurisdiction; or (2) if the district court acted in a manner inconsistent with due process of law. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003). We review a district court's denial of a Rule 60(b)(4) motion *de novo*. *Id.* Calzada also filed a motion for an injunction pending appeal, a motion to expedite the appeal, and a motion for the appointment of a special prosecutor.

Even assuming that Rule 60(b)(4) is an appropriate vehicle to challenge a district court's denial of a *coram nobis* petition, Calazada's arguments are unavailing. First, the district court had jurisdiction. *See* 18 U.S.C. § 3231; *see also United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014). Second, we reject Calzada's argument that the district court violated his due process rights because he was "seized" without a federal arrest warrant or summons issued prior to the filing of the criminal complaint. Calzada was arrested without a warrant but, at the time of his arrest, police had probable cause to believe that a crime had been committed. *See United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). We do not reach his newly raised fraud and misconduct claims. *See XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008).

The judgment of the district court is AFFIRMED, and Calzada's motions are DENIED.